UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GARY LYNN SANDERS,<br><br>    Petitioner,<br><br>v.<br><br>ALLAN HUNTER, et al.,<br><br>    Respondents | No. 1:14-cv-00329-JAW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner Gary Lynn Sanders has filed a petition pursuant to 28 U.S.C. 2254. (Petition, ECF No. 1.)[1] According to the state court docket sheet attached to the petition, Petitioner was convicted in state court in Maine of two counts of unlawful sexual contact following a guilty plea. (Docket Sheet, ECF No. 1-5 at 6-8.) Following a preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the recommendation is that the Court dismiss the petition without ordering the State to answer.

Petitioner challenges his present physical confinement at the Maine State Prison. (Petition at 4.) As explained below, the petition, which consists largely of general, unspecified assertions, does not state a claim. Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has noted that "'Congress . . . has determined that habeas corpus is

---

[1] This recommended decision does not address another potentially dispositive issue - that Petitioner named as Respondents the state court judge and the prosecutor in the criminal case for which he is currently serving a sentence. The only appropriate respondent in a habeas action is the warden of the facility that has custody of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004) (noting that "the default rule is that the proper respondent [in a habeas petition] is the warden of the facility where the prisoner is being held").

the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . . .'" *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quoting *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)) (quotation marks omitted).[2] Petitioner does not assert that his conviction or sentence was imposed in violation of the United States Constitution or other federal law.

In addition to seeking his release from custody, Petitioner requests relief relating to his "private property interests" and "commercial rights." He also makes allegations regarding two state court bail bond documents that he attached to the petition. To the extent that Petitioner is attempting to assert a claim regarding the financial terms of the bail bonds, such a claim is not cognizable under section 2254 because it relates to Petitioner's property interest (i.e., money), and not Petitioner's custody. *Cf. Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013) (noting that claims regarding "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim"). By its terms, section 2254(a) applies only to claims relating to the right to be released from custody; it does not apply to Petitioner's other interests such as a monetary account or other property.[3]

---

[2] The petition need not cite to the law, but it must state facts sufficient to warrant holding an evidentiary hearing. *See David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998) (citing *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir. 1988)) ("upholding the denial of an evidentiary hearing in a section 2254 case inasmuch as petitioner 'offered only general allegations'"). Habeas relief following a guilty plea is strictly limited. "We have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. 'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson,* 467 U.S. 504, 508 (1984)).

[3] If Petitioner is attempting to assert that he is unlawfully in custody due to the bail bonds, Petitioner's assertions and the state court docket sheet establish that Petitioner is in custody at the Maine State Prison serving a sentence. As a matter of law, therefore, Petitioner's current restraint is not related to the bail bonds.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. The recommendation, therefore, is (1) that the Court dismiss the petition for habeas relief under 28 U.S.C. section 2254, and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). In addition, if the Court adopts the recommendation, the further recommendation is that the Court deny Petitioner's Motion for Instant Hearing (ECF No. 2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2014.